FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUN 13 AM 8: 21

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-50 |
| | ) | |
| LONG JOHN SILVERS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a complaint on April 5, 2006. He also filed a motion to proceed *in forma pauperis* ("IFP"), which the Court has granted in a separate Order. While pleadings drafted by pro se litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In his complaint, one of six plaintiff filed between January 27, 2006, and April 5, 2006,[1] plaintiff alleges in a conclusory manner that he has suffered sexual harassment and discrimination on the basis of race and age, presumably while employed by defendant.

---

[1] Three of those complaints have been dismissed as frivolous by the District Judge, and the Court has recommended that the other two be dismissed as frivolous. See Vasquez v. Georgia, CV106-49 (May 9, 2006) (detailing plaintiff's recent filing history). As the Eleventh Circuit recognized in Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001), a court may consider a plaintiff's recent litigation history in making a frivolity determination.

Plaintiff submits no factual allegations that would support a cognizable claim of sexual harassment or discrimination. In short, plaintiff has not provided the short and plain statement of facts supporting his claim required under Rule 8(a) of the Federal Rules of Civil Procedure. While a court may allow a party to amend his complaint to correct a pleading deficiency, leave to amend may be denied where a court determines that an amendment would be futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004).

In light of the dearth of factual allegations in plaintiff's complaint, and in light of plaintiff's recent history of filing frivolous civil actions, the Court does not find granting plaintiff leave to amend this complaint to be the appropriate course. Accordingly, the Court recommends that the complaint be **DISMISSED** for failure to state a claim on which relief may be granted.

SO REPORTED AND RECOMMENDED on this 13th day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

2